Law Library

## IN THE SUPERIOR COURT OF GUAM

HOWARD CHUN dba HANSSEM
PACIFIC CO.,

    Plaintiff,

vs.

MELITON SANTOS JR. and ANN
MARIE SANTOS,

    Defendant.

CIVIL CASE NO. CV1223-11

DECISION & ORDER

This matter came before the HONORABLE VERNON P. PEREZ on March 7, 2012 for Plaintiff's Motion for New Trial. Attorney John Terlaje represented Plaintiff. Defendants appeared *pro se*. The Court took the motion under advisement. After having heard the parties' arguments and considering the parties' pleadings, the Court now issues the following Decision and Order.

### BACKGROUND

This case arises out of the dispute over payment between Plaintiff Howard Chun dba Hanssem Pacific, Co. (hereinafter "Plaintiff") and Defendants Meliton Santos, Jr. and Ann Marie Santos (hereinafter "Defendant's"). Defendants agreed to purchase cabinetry from Plaintiff for $8,000.00. Defendants paid $6,000.00 of the amount due and refuse to pay the additional $2,000.00 due to claims that the cabinetry is defective. Defendant claimed that they would pay the remaining $2,000.00 if Plaintiff fixed the defects. Plaintiff did not fix all the defects and Defendant did not pay the remaining $2,000.00. The Parties went before Referee Benjamin C. Sison in a small claims action and Referee Sison determined that Defendants should pay Plaintiff $100.00 of the remaining $2,000.00 and that the Defendants are entitled to keep $1,900.00. Plaintiff now appeals to this Court to overturn Referee Sison's Decision and Order.

*Howard Chun dba Hanssem Pacific Co. v. Meliton Santos Jr. and Ann Marie Santos*
Decision and Order
Civil Case No. CV1223-11        - Page 1 of 3 -

# DISCUSSION

## I. Standard

Appeals of small claims decisions are reviewed de novo. 7 GCA § 4206.

## II. Plaintiff's Claim

This Court will apply the appropriate law anew. Referee Sison reviewed the facts of the case and applied the law provided in 16 GCA § 2607, § 2714 and § 2715. The Court agrees with Referee Sison and finds that the law he found to be controlling applies to the facts of the case. The Defendant, here, immediately notified Plaintiff of the breach as the cabinetry appears defective. Defendants' Exhibit A. Thus, the Defendants are not foreclosed from a remedy. 16 GCA § 2607. Plaintiff claims that damage to the cabinets was caused by the Defendants' installation. The Court disagrees with Plaintiff and finds that the warped wood, as well as other significant defects, was defective before installation and no evidence suggests otherwise. The Court does acknowledge the argument that Defendants are obligated to prove they did not cause the defects themselves. The Court finds that to be the case as Plaintiff spent considerable effort attempting to remedy the defects and that some of the defects do not appear to be within the Defendants' control. The Court finds, that some of the wood was warped and discolored which appears to be a defect caused by supplier or manufacturer and not the installer or buyer. Plaintiff also claims that the Defendants inspected the cabinetry and waived any claim of defect before installation. The Court does not find that the warped wood and other defects were necessarily discoverable until the cabinets were fully installed and Defendants' were able to see the Defects more clearly as a completed product.

The remedy available to the Defendants for Plaintiff's breach are governed by 16 GCA § 2714 and § 2715. The Defendant may recover damages for "any nonconformity" and "incidental damages" incurred in "effecting cover". 16 GCA § 2714; 16 GCA § 2715. Therefore, if the Court finds any sum of the remaining $2,000.00 is an incidental damage of effecting cover or a result of a nonconformity, then the Court may limit recovery to Plaintiff of that amount. Here, Defendants paid $1,900.00 to remedy the many defects in the cabinetry

according to trial testimony. The Court finds that $1,900.00 is a reasonable amount to cure the defects in the cabinets and that Plaintiff should return the $100.00 not used to cure such defects. The Court, in essence, affirms Referee Sison's Decision and Order.

## CONCLUSION

This Court hereby finds IN FAVOR of the Defendants.

So ORDERED this day of _____ May, 2012.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

/ /

/ /

/ /

/ /